```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
LAWRENCE MARANO,                                              :
                                                              :
                                   Plaintiff,                 :         19-CV-8606 (VEC)
                                                              :
                     -against-                                :
                                                              :         MEMORANDUM
                                                              :         OPINION & ORDER
THE METROPOLITAN MUSEUM OF ART,                               :
                                                              :
                                   Defendant.                 :
------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/14/2020

VALERIE CAPRONI, United States District Judge:

On July 13, 2020, the Court dismissed this case on the grounds that Defendant's use of Plaintiff's copyrighted work was fair use (the "Opinion"). (Dkt. 17). On July 27, 2020, Plaintiff moved for reconsideration of the Court's decision. (Dkt. 19). For the following reasons, Plaintiff's motion for reconsideration is DENIED.

A party may obtain relief on a motion for reconsideration "only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quotation omitted). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Plaintiff first attempts—again—to distinguish *Bill Graham Archives v. Dorling Kindersley Ltd.*, 448 F.3d 605 (2d Cir. 2006). Plaintiff also once more argues that discovery is necessary to assess the effect of Defendant's use of the disputed photo on potential markets for the photo—the fourth factor in the fair use analysis.

Neither argument is persuasive, particularly on a motion for reconsideration. *Bill Graham*'s holding is not, as Plaintiff now argues, restricted to commercial book publishers. Nor does it matter whether Van Halen and the "Frankenstein" guitar are "inextricably intertwined" in terms of their historical value. Pl.'s Mem. of Law (Dkt. 20) at 5. The disputed concert posters in *Bill Graham* were also intertwined with the historical significance of their subjects—the concerts and band they depicted. 448 F.3d at 609.

In *Bill Graham*, the defendant's use "of the disputed images [was] transformative both when accompanied by referencing commentary *and* when standing alone." *Id.* at 611 (emphasis added). Thus even when the concert poster images did not "enhance the reader's understanding of the [biographical] text," the Court still found them transformative because they "serve[d] as historical artifacts graphically representing the fact of significant Grateful Dead concert events . . . ." *Id.* at 610 & n.4. Here, Defendant has used Plaintiff's photo to enhance the reader's comprehension and appreciation of the "Frankenstein" guitar exhibited by Defendant as well as the exhibit's accompanying commentary regarding the guitar's historical and social significance as a work of art. This use transformed the photo into a scholarly discussion on the guitar in order to educate the public; by contrast, Plaintiff's original purpose for the photo is expressive, showing what Van Halen looks like in performance as a musician.

Plaintiff also argues that Defendant's use of the photo is not fair use because the photo has itself become an historical artifact. Rather than show clear error, Plaintiff's argument underscores the Court's finding that Defendant used the photo as an historical artifact to enhance the website visitor's understanding of an exhibition object, which, in combination with the other dimensions of transformativeness from *Bill Graham* discussed in this Court's Opinion, changed the character of the photo and imbued it with a new message. Plaintiff's complaint that the Opinion authorizes every museum or similar institution to use any copyrighted work for free and

without a license is entirely unpersuasive. The Court's fair-use analysis is deeply case-specific. *Bill Graham*, 448 F.3d at 608. A different use by a museum or art exhibition and combination of factors could have tipped the scales in the other direction.

The Court also finds Plaintiff's arguments regarding potential markets for the photo unpersuasive for the same reasons set forth in the Opinion. Plaintiff's remaining arguments are unavailing as well. None meets the high standard required for a motion for reconsideration.

Plaintiff's motion is therefore DENIED. The Clerk of Court is respectfully directed to close the open motion at docket entry 19.

**SO ORDERED.**

**Date: August 14, 2020**
New York, New York

**VALERIE CAPRONI**
**United States District Judge**